**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARNELL C. BUTCHER,** | ) | **CASE NO. 5:20CV2617** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **WARDEN MARK WILLIAMS,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Petitioner Darnell C. Butcher, a federal prisoner, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction in Northern District of Ohio Case No. 5:12-cr-24 ("Criminal Case"). (Doc. No. 1.) The basis for Butcher's petition is that he is actually innocent of his conviction under 21 U.S.C. § 841(A)(2). (*Id*. at 6.)

For the reasons that follow, the Petition is dismissed.

## I. BACKGROUND

In the Criminal Case, Butcher was charged with being a felon in possession of a firearm and possession of crack cocaine with intent to distribute. Butcher was convicted by a jury and this Court sentenced him to 240 months of imprisonment. Butcher's convictions and sentence were affirmed on direct appeal. *United States v. Butcher*, No. 13-3156 (6th Cir. Oct. 13, 2013).

In 2014, Petitioner filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, asserting multiple grounds for relief, including actual innocence. This Court denied his § 2555 motion and the Sixth Circuit subsequently denied him a certificate of appealability. *United States v. Butcher*, No. 15-3151 (6th Cir. Jan. 1, 2016).

Butcher later filed two petitions for habeas relief pursuant to 28 U.S.C. § 2241: NDOH Case No. 5:19-cv-2220 ("First § 2241") and NDOH Case No. 5:20-cv-541 ("Second § 2241") . In the First § 2241, Butcher challenged his sentence, claiming that his career offender status is invalid based on the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). *See* First § 2241, Doc. No. 1 at 8. This Court denied the First § 2241, finding that Butcher's sentence enhancement challenge did not satisfy the very limited circumstances permitted by the Sixth Circuit in *Hill v. Masters*, 836 F.3d 590 (6th Cir. 2016) to bring such a claim. *Id.*, Doc. No. 4 at 67.

In Butcher's Second § 2241 petition, he claimed that he is actually innocent of his conviction under 18 U.S.C. § 992(g) based upon the Supreme Court's decision in *Rehaif v. United States*, 131 S. Ct. 2191 (2019) because, in the Criminal Case, the government failed to prove that he knew he possessed a firearm and ammunition and that he knew he was prohibited from possessing a firearm and ammunition. *See* Second § 2241, Doc. No. 1 at 7. This Court denied the Second § 2241, finding that *Rehaif* , the case upon which Butcher relied, does not apply retroactively to cases on collateral review. *Id.*, Doc. No. 3 at 29.

In Butcher's third § 2241 petition now before the Court, he claims that he is actually innocent of his conviction under 21 U.S.C. § 841(A)(2). Butcher asserts that there was a "fatal variance" in the indictment, and consequently, he was convicted of "an offense other than the one charged in the indictment." Doc. No. 1 at 12. He also contends that the indictment was duplicitous because it charged him with two different offenses in one count. He asserts that he was charged with possession with intent to distribute a "counterfeit substance," but the language in the same count alleged that he possessed with intent to distribute cocaine, which is a

2

"controlled substance." *Id.* at 14. Finally, Butcher claims that this "duplicitous indictment, fatal variance, and constructive amendment" resulted in an "illegal career enhancement." *Id.* at 16.

## II. DISCUSSION

### A. Standard of Review

A *pro se* petitioner's habeas petition is liberally construed. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A federal district court must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

### B. Law and Analysis

Generally, a habeas petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under exceptional circumstances, however, a prisoner may challenge his conviction or sentence under § 2241 pursuant to § 2255(e)'s "savings clause" if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001). But in order to properly invoke § 2255's savings clause, a petitioner must assert that he is "actually innocent" of the underlying offense by showing that after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute

under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Butcher's Petition fails to cite or rely on any specific Supreme Court decision, unavailable at the time of his conviction, announcing a new, retroactively-applicable rule of statutory construction demonstrating that his conviction under 21 U.S.C. § 841(A)(2) is invalid. And to the extent that Butcher attempts to challenge his career offender status, that issue was previously addressed in the First § 2241, and this Court will not revisit the petitioner's argument in this Petition.

Butcher is therefore not entitled to habeas relief from his conviction under 21 U.S.C. § 841(A)(2) by way of § 2241.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    *s/ Christopher A. Boyko*
    **CHRISTOPHER A. BOYKO**
    **Senior United States District Judge**

**Dated:** 3/3/2021